FILED

2007 JUN 27 PM 4: 46

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

LOUIS J. PEARLMAN

CASE NO. 6:07-cr-97-ORL-18DAB
18 U.S.C. § 1344
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C) – Forfeiture
18 U.S.C. § 982 - Forfeiture
28 U.S.C. § 2461(c) – Forfeiture

**INDICTMENT**

The Grand Jury charges:

**INTRODUCTION**

At all times relevant to this Indictment:

1. Trans Continental Airlines, Inc. (Trans Con Airlines) was a corporation registered with the Florida Department of State. Its principal place of business was located in Orange County, in the Middle District of Florida.

2. Defendant LOUIS J. PEARLMAN was the President and a Director of Trans Con Airlines.

3. Integra Bank N.A. (Integra Bank) was a financial institution, the accounts and deposits of which were federally insured by the Federal Deposit Insurance Corporation (FDIC). The headquarters of Integra Bank were located in Evansville, Indiana.

4. Federal Express was a private and commercial interstate carrier.

## COUNTS ONE THROUGH THREE

5.  The allegations contained in paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated herein by reference.

### A. Scheme and Artifice

6.  Beginning at a time unknown to the Grand Jury, but beginning at least by in or about 2001, and continuing thereafter through and including in or about February 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**LOUIS J. PEARLMAN**

the defendant herein, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud FDIC-insured financial institutions and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of FDIC-insured financial institutions by means of false and fraudulent pretenses, representations, and promises, which scheme and artifice to defraud is described as follows:

### B. Manner and Means

The manner and means utilized to accomplish the scheme and artifice to defraud included, among others, the following:

7.  It was part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would unlawfully execute a scheme to defraud FDIC-insured financial institutions of over $100 million in money and property by means of false and fraudulent pretenses, representations and promises.

8. It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would cause documents to be provided to FDIC-insured financial institutions from fictitious accounting firms called "Cohen & Siegel" and "S. Kaplan & Co." that contained false representations about the financial condition of defendant LOUIS J. PEARLMAN and Trans Con Airlines. Those false "Cohen & Siegel" and "S. Kaplan & Co." documents included:

    a. False audited financial statements of Trans Con Airlines purportedly prepared by "Cohen & Siegel" that overstated the assets and income of that company;

    b. False federal corporate tax returns of Trans Con Airlines purportedly prepared by "Cohen & Siegel" that were never filed with the Internal Revenue Service and that overstated the income of that company; and

    c. False federal personal income tax returns of defendant LOUIS J. PEARLMAN purportedly prepared by "S. Kaplan & Co." that were never filed with the Internal Revenue Service and that overstated his income.

9. It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would cause false personal financial statements of defendant LOUIS J. PEARLMAN to be prepared in the Middle District of Florida and provided to FDIC-insured financial institutions in connection with requests for loans and lines of credit. Those false personal financial statements overstated the assets and net worth of defendant LOUIS J. PEARLMAN.

10. It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would cause an offering memorandum to be prepared by a loan broker that contained false representations about the financial condition of defendant LOUIS J. PEARLMAN and Trans Con Airlines. In particular, that offering memorandum overstated the assets, income, and net worth of defendant LOUIS J. PEARLMAN and Trans Con Airlines, and it included copies of false financial statements and tax returns of defendant LOUIS J. PEARLMAN and Trans Con Airlines.

11. It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would cause the false offering memorandum described in paragraph 10 to be provided to FDIC-insured financial institutions in connection with requests for loans and lines of credit.

12. It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would misrepresent and overvalue the collateral that was to serve as security for loans and lines of credit made by FDIC-insured financial institutions.

13. It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would pledge the same stock of Trans Con Airlines as security on more than one loan and line of credit.

14. It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would falsely represent that an individual by the name of Harry Milner was an officer of Trans Con Airlines who had signed documents for that company, including the 2003 and 2004 federal corporate tax returns of Trans Con

Airlines, corporate resolutions authorizing actions to be taken by Trans Con Airlines in connection with loans and lines of credit from FDIC-insured financial institutions, and a November 15, 2006 letter to Integra Bank, when in truth and in fact, as defendant LOUIS J. PEARLMAN then and there well knew, Harry Milner was deceased at the time that the documents described in this paragraph were allegedly signed by him.

15.    It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would continue to submit false and fraudulent documents to FDIC-insured financial institutions after obtaining loans and lines of credit for the purpose of lulling those FDIC-insured financial institutions into believing that there were no problems with the loans and lines of credit and that the amounts that were due would be repaid. Those false documents included:

    a.    False audited financial statements of Trans Con Airlines purportedly prepared by the fictitious accounting firm called "Cohen & Siegel" that overstated the assets and income of that company;

    b.    False federal corporate tax returns of Trans Con Airlines purportedly prepared by the fictitious accounting firm called "Cohen & Siegel" and purportedly executed by "Harry Milner" that were never filed with the Internal Revenue Service and that overstated the income of that company;

    c.    False federal income tax returns of defendant LOUIS J. PEARLMAN purportedly prepared by the fictitious accounting firm called "S. Kaplan & Co." that were never filed with the Internal Revenue Service and that overstated his income;

        d.    False financial statements of defendant LOUIS J. PEARLMAN that overstated his assets and net worth; and

        e.    False Quarterly Compliance Certificates that overstated the income and net worth of Trans Con Airlines.

    16.    It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would defraud FDIC-insured financial institutions by executing a "Ponzi" scheme by which money borrowed from FDIC-insured financial institutions would be paid to other FDIC-insured financial institutions for earlier loans.

    17.    It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would fail to disclose to FDIC-insured financial institutions that defendant LOUIS J. PEARLMAN and his corporate entities were delinquent in repaying amounts owed to other FDIC-insured financial institutions.

    18.    It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would falsely represent to FDIC-insured financial institutions that defendant LOUIS J. PEARLMAN had millions of dollars at his disposal in a trust called the "TW Trust" at a financial institution known as "German Investment Und Finanzberatung GmbH" or "German Savings Bank," when, in truth and in fact, as defendant LOUIS J. PEARLMAN then and there well knew, no such trust existed.

    19.    It was a further part of the scheme and artifice to defraud that defendant LOUIS J. PEARLMAN would falsely represent to FDIC-insured financial institutions that wire transfers from "German Investment Und Finanzberatung GmbH" or "German Savings Bank" were being held up by the United States Department of Homeland

Security when, in truth and in fact, the United States Department of Homeland Security had not stopped any such wire transfer.

## B. Executions of the Scheme

20. On or about the dates set forth below, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**LOUIS J. PEARLMAN**

the defendant herein, knowingly and willfully executed and attempted to execute the scheme and artifice to defraud financial institutions whose deposits were insured by the FDIC, as described above, and knowingly and willfully executed and attempted to execute the scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of financial institutions whose deposits were insured by the FDIC, by means of false and fraudulent pretenses, representations, and promises, as described above, in that defendant LOUIS J. PEARLMAN caused Integra Bank to make the following loans and extensions of credit to Trans Con Airlines and defendant LOUIS J. PEARLMAN based on false representations about Trans Con Airlines and defendant LOUIS J. PEARLMAN:

| Count | Date | Loan |
|---|---|---|
| One | 9/18/2004 | Credit Agreement between Trans Con Airlines and Integra Bank consisting of $3 million Revolving Credit Facility Note for Trans Con Airlines (note # 100084894) and $16 million Term Note Loan for Trans Con Airlines (note # 100084895) |
| Two | 8/23/2006 | $400,000 Promissory Note executed by LOUIS J. PEARLMAN for a loan (loan # 100110544) from Integra Bank |

| Three | 9/29/2006 | $552,380.96 Promissory Note executed by LOUIS J. PEARLMAN for a loan (loan # 100111789) from Integra Bank |

All in violation of Title 18, United States Code, Section 1344 and Title 18, United States Code, Section 2.

## COUNT FOUR

21.   The allegations contained in paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated herein by reference.

### A. Scheme and Artifice

22.   Beginning at a time unknown to the Grand Jury, but beginning at least by in or about 2001, and continuing thereafter through and including in or about February 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**LOUIS J. PEARLMAN**

the defendant herein, did knowingly and willfully devise and execute a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, which scheme and artifice to defraud is described as follows:

### B. Manner and Means

23.   The substance of the scheme and artifice to defraud and its manner and means are set forth in paragraphs 7 through 19 of Counts One through Three of the Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

C. **Deliveries by United States Postal Service and Private and Commercial Interstate Carriers**

24. On or about the date set forth below, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**LOUIS J. PEARLMAN**

the defendant herein, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, did knowingly place in any post office and authorized depository for mail matter to be sent and delivered by the United States Postal Service; did knowingly deposit and cause to be deposited to be sent and delivered by a private and commercial interstate carrier, including Federal Express; did knowingly take and receive from the United States Postal Service and a private and commercial carrier, including Federal Express; and did knowingly cause to be delivered by mail and private and commercial interstate carrier, including Federal Express, according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following item:

| Count | Date | Sent from | Delivered To/ Received By | Item |
|---|---|---|---|---|
| Four | 9/22/2004 | Orange County, Florida | Integra Bank | Opinion letter from an attorney regarding the financial condition of Trans Con Airlines that included as an enclosure a letter purportedly prepared by Cohen & Siegel dated September 14, 2004 regarding the aircraft inventory and revenue of Trans Con Airlines |

All in violation of Title 18, United States Code, Section 1341 and Title 18, United States Code, Section 2.

9

## COUNT FIVE

25. The allegations contained in paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated herein by reference.

### A. Scheme and Artifice

26. Beginning at a time unknown to the Grand Jury, but beginning at least by in or about 2001, and continuing thereafter through and including in or about February 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**LOUIS J. PEARLMAN**

the defendant herein, did knowingly and willfully devise and execute a scheme and artifice to defraud, and for obtaining money and property, by means of false and fraudulent pretenses, representations and promises, which scheme and artifice to defraud is described as follows:

### B. Manner and Means

27. The substance of the scheme and artifice to defraud and its manner and means are set forth in paragraphs 7 through 19 of Counts One through Three of the Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

### C. Wire

28. On or about the dates set forth below, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**LOUIS J. PEARLMAN**

the defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire, radio, and

television communications in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Point of Origin | Point of Reception | Description |
|---|---|---|---|---|
| Five | 11/15/2006 | Orange County, Florida | Integra Bank | Facsimile of a letter from Harry Milner to Integra Bank |

All in violation of Title 18, United States Code, Section 1343 and Title 18, United States Code, Section 2.

### FORFEITURE

1. The allegations contained in Counts One through Three Indictment are hereby realleged and fully incorporated by reference for the purpose of alleging forfeitures of the United States of America, pursuant to the provisions of Title 18, United States Code, Section 982.

2. The defendant, LOUIS J. PEARLMAN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violations of Title 18, United States Code, Section 1344.

3. The allegations contained in Counts Four and Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

4. From his engagement in the violations alleged in Counts Four and Five of this Indictment, punishable by imprisonment for more than one year, the defendant,

11

## LOUIS J. PEARLMAN

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

JAMES R. KLINDT
Acting United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney

By: _____
Carolyn J. Adams
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No. 6:07-cr-

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

LOUIS J. PEARLMAN

## INDICTMENT

Violations:
18 U.S.C. § 1344
18 U.S.C. § 1341
18 U.S.C. § 1343

A true bill, _____
                 Foreperson

Filed in open court this 27th day
of June, A.D. 2007.

_____
            Clerk

Bail $

GPO 863 52